UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ART LATTIMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 2:11-cv-201-WTL-WGH |
| ) | |
| VIGO COUNTY SHERIFF, et al., ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON MOTIONS FOR SUMMARY JUDGMENT

This cause is before the Court on two motions for summary judgment; one filed by Defendants Dave Meyers and the Vigo County Sheriff (hereinafter referred to collectively as "the County Defendants") and the other filed by the remaining Defendants (hereinafter referred to collectively as "the State of Indiana"). Plaintiff Art Lattimer has not filed a response to either motion, and the time for doing so has expired.[1] The Court, being duly advised, now resolves the motions as set forth below.2

### I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences

---

[1]The Plaintiff is proceeding *pro se* in this case and was provided with the notice required by Local Rule 56-1(k).

in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id*. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and the "court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001).

## II.  FACTUAL BACKGROUND

In light of the fact that Lattimer did not respond to the Defendants' motions for summary judgment, the following properly supported facts of record asserted by the Defendants are taken as true for purposes of this ruling.

Lattimer was incarcerated in the Vigo County Jail ("the Jail") from September 29, 2008, until May 28, 2009. The Jail had in place an inmate grievance procedure, which inmates were informed of through their Inmate Rules and Information Pamphlet. The grievance procedure covered all subject matters. Additionally, inmates were required to submit a written request for any non-urgent medical care.

Lattimer received treatment at the Jail for an injured right hand on May 18, 2009. The physician assistant at the jail suspected Lattimer might have a fractured hand; she ordered an x-ray and administered Tylenol to Lattimer for the pain in his hand. An x-ray, also performed on May 18, 2009, revealed a non-compound fracture of the fifth metacarpal. The nurse scheduled an appointment for Lattimer with orthopedist Dr. Christopher Glock on May 22, 2009; this was standard procedure for a non-emergent fracture. Dr. Glock reset the bone without surgery and applied a fiberglass cast.

On May 28, 2009, Lattimer was transferred to the State of Indiana's Reception and Diagnostic Center ("RDC"). In conjunction with his transfer, the nurse at the Jail prepared an Inmate Transfer Form with information about Lattimer's fracture, casting, and progress notes.

Lattimer was incarcerated at the RDC from May 28, 2009, until he was transferred to the New Castle Correctional Facility ("NCF") on June 12, 2009. He was incarcerated at NCF until March 1, 2012. Lattimer filed no request for health care or grievances while incarcerated at RDC. After three treatments by NCF staff within the first week of arriving at that facility, Lattimer's cast was removed on or about June 24, 2009, and he reported no complications from the removal.

### III.  THE COUNTY DEFENDANTS' MOTION (Dkt. No. 33)

In his Complaint, Lattimer asserts that he was denied adequate medical care for his broken hand while he was in the Jail as a result of the County Defendants' deliberate indifference to his constitutional rights. He further alleges that he was subjected to inhumane conditions at the Jail; specifically, he would go for 10-15 days without a shower; he was malnourished as a result of a diet falling short of constitutional sufficiency; and unsanitary jail cells caused him to contract a staph infection. He asserts claims against the County Defendants under 42 U.S.C. § 1983 and Indiana tort law.[2]

---

[2]The Court's jurisdiction over Lattimer's state law claims against the County Defendants is based upon 28 U.S.C. § 1367, which provides for the exercise of supplemental jurisdiction over claims based upon state law that are closely related to the federal claim in a case. The Court recognizes that "[w]hen the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts." *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008). However, there are exceptions to that general rule, one of which provides that a court should decide the merits of a supplemental state claim when "when it is absolutely clear how the state claims should be decided." *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008) (internal quotation omitted). In this case, the Court resolves Lattimer's state law claims against the County Defendants because it is absolutely clear that those claims fail for the same reasons that Lattimer's federal claims against them do.

3

The County Defendants assert that Lattimer's claims against them are partially time-barred by the statute of limitations. They correctly note that

> [b]ecause 42 U.S.C. § 1983 does not have a statute of limitations, the limitations period is borrowed from the state where the claim is brought, based on the most closely analogous limitations period for a personal injury claim. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). For cases brought in Indiana, that period is two years from the date the claim accrued.

County Defendants' Memorandum at 8-9 (citing Ind. Code § 34-11-2-4; *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 700 (7th Cir. 2005)). For Lattimer's § 1983 claims, "the federal rule for medical errors is that a claim accrues when a person knows his injury and its cause." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). In Indiana, a cause of action begins to accrue when an individual is aware of or should have discovered through ordinary diligence "that an injury had been sustained as a result of the tortious act of another." *City of East Chicago v. East Chicago Second Century, Inc.*, 908 N.E.2d 611, 618 (Ind. 2009). Lattimer did not file his suit until May 19, 2011. Therefore, both Lattimer's state law claims and his § 1983 claims are time-barred to the extent that they are based on injuries that he knew of and for which he could identify the cause before May 19, 2009.

It is not necessary to determine which of Lattimer's claims fall into that category, however, because, as the County Defendants correctly assert, his claims are in any case barred by his failure to exhaust administrative remedies. The Prison Litigation Reform Act of 1995 imposes an exhaustion requirement on inmate plaintiffs before filing a suit alleging any violation of federal law, particularly under § 1983. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Similarly, a prisoner must exhaust administrative remedies before seeking judicial review of any Indiana state law claims. *See, e.g., Higgason v.*

*Lemon*, 818 N.E.2d 500, 503 (Ind. App. 2004).  Under Indiana law, failure to pursue administrative remedies deprives the court of subject matter jurisdiction unless the plaintiff demonstrates that exhausting remedies would be futile or where there is "grave doubt about the availability of an administrative remedy."  *Id.* at 503-04 (citation omitted).

In this case, the Jail had in place an inmate grievance procedure covering all subject matters.  It is undisputed that upon receipt of a non-frivolous grievance, the jail administrator was required to investigate and follow up in writing within 48 hours. If the inmate was not satisfied with the decision, he had the option to appeal the grievance to the sheriff.  Lattimer was or reasonably should have been aware of the procedure.  The undisputed facts of record are that Lattimer never pursued redress through the Jail's grievance procedure at any point from February 2009 onward.  It is also undisputed that he did not file a request for medical care for treatment of his hand during the time between the cast being put on and his transfer to RDC and that he never filed a request for treatment of a staph infection or malnourishment.  Accordingly, the evidence of record establishes that Lattimer failed to pursue and exhaust his administrative remedies against the Jail, and therefore his claims against the Jail cannot be sustained.  The County Defendants are therefore entitled to summary judgment on all of Lattimer's claims against them.

## IV.  THE STATE OF INDIANA'S MOTION (Dkt. No. 39)

With regard to his time in state custody, both at the RDC and the NFC, Lattimer asserts claims against the State of Indiana pursuant to 42 U.S.C. § 1983 and Indiana law, alleging that the State of Indiana acted with deliberate indifference in failing to heed complaints he made about the cast on his arm being improperly set, improperly removing his cast, and subsequently failing to provide him appropriate medical care despite his repeated requests.  He alleges this

resulted in the loss of use of his hand, wrist, and arm and loss of feeling in his finger bones and knuckles, along with extreme physical pain and mental suffering.

As the State of Indiana correctly notes, "a state or state agency may not be sued under section 1983 regardless of the type of relief requested." *City of Warsaw v. Orban*, 884 N.E.2d 262, 267-68 (Ind. Ct. App. 2007). This is because a state is not a "person" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989). Therefore, Lattimer's federal claims cannot be sustained, and summary judgment must be granted to State of Indiana on those claims.

Lattimer also asserts claims against the State of Indiana based on Indiana tort law. This Court's jurisdiction over those claims is based upon 28 U.S.C. § 1367, which provides for the exercise of supplemental jurisdiction over claims based upon state law that are closely related to the federal claim in a case. "When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts." *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008). There are exceptions to the general rule, and a federal court should retain jurisdiction over supplemental state law claims in the following circumstances: (1) if the statute of limitations would prevent the plaintiff from filing suit in state court; (2) if a substantial amount of the court's resources has already been dedicated to analyzing state law claims; or (3) "when it is absolutely clear how the state claims should be decided." *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008) (internal quotation omitted). None of the exceptions apply with regard to Lattimer's state law claims against the State of Indiana in this case, however. Accordingly, the Court will remand those claims to the Vigo Superior Court.

## V.  CONCLUSION

For the reasons set forth above, the County Defendants' motion for summary judgment (dkt. no. 33) is **GRANTED** in its entirety and the State of Indiana's motion for summary judgment (dkt. no. 39) is **GRANTED** as to Lattimer's federal claims.  The Court declines to retain jurisdiction over Lattimer's state law claims against the State of Indiana; those claims are **REMANDED** to the Vigo County Superior Court.  **As required by 28 U.S.C. ' 1447(c), the Clerk shall mail a certified copy of this order to the Clerk of the Vigo County Superior Court.**

SO ORDERED: 12/06/12

*[Signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Art Lattimer**
**#204046**
**Atlantic County Justice Facility**
**5060 Atlantic Ave.**
**Mays Landing, NJ  08330**

Copies to all counsel of record via electronic notification.